# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
## 3:13-cv-80-RJC

| | |
|---|---|
| **FREDERICK CANADY,** | )<br>) |
| **Plaintiff,** | )<br>) |
| v. | )<br>) |
| | ) **ORDER** |
| **FNU BEAVER,** Assistant Superintendent, Lanesboro Correctional Institution; **FNU GOODWIN,** Captain, Lanesboro Correctional Institution; **DAVID AARON,** Assistant Unit Manager, Lanesboro Correctional Institution. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| **Defendants.** | )<br>) |

**THIS MATTER** is before the Court on an initial review of Plaintiff's complaint, filed pursuant to 42 U.S.C. § 1983. See 28 U.S.C. § 1915A(a) & (b)(1).

**I.     BACKGROUND**

According to his complaint, on October 30, 2012, Defendants Beaver and Goodwin were making the rounds in Lanesboro Correctional, where Plaintiff is incarcerated, and they entered "A-Block" where Plaintiff was housed. Plaintiff brought the defendants attention to what he contends was an area where "dust and mold" had built up. Plaintiff asked the defendants to "do something about it" but after a few months the problem had not been addressed to Plaintiff's satisfaction. (Doc. No. 1 at 3-4). On January 8, 2013, Plaintiff contacted Defendant Aaron about the dust and mold and according to Plaintiff, Aaron stated that he would do something about it.

Plaintiff contends that the dust and mold in "A-Block" caused him injury by adversely

1

affecting his breathing and causing his nose to bleed. (Id. at 4). Plaintiff states that he was seen by a nurse at Lanesboro for these symptoms and was placed on medication. (Id. at 3).

Plaintiff contends that he has participated, unsuccessfully in the prison's grievance procedure. In response to his written complaints, prison officials stated that Plaintiff's "pod is cleaned daily by the control janitors" and that prison officials provided Plaintiff with chemicals on a weekly basis so that he could clean his "personal cell to [his] liking." Further, the response noted that "[t]rash and clothing items are picked up daily and removed from the pod." (Doc. No. 2).

In his claim for relief, Plaintiff asks the Court to enter judgment against the defendants, but he does not seek monetary damages.

## II. STANDARD OF REVIEW

Section 1983 provides a remedy where a person acting under color of state law deprives a plaintiff of a right secured by federal law. Section 1983 applies to violations of federal constitutional rights, as well as certain limited federal statutory rights. See Maine v. Thibotout, 448 U.S. 1 (1980); see also Gonzaga University v. Doe, 536 U.S. 273, 283 (2002) (holding that a right must be "unambiguously conferred" by a statute to support a Section 1983 claim); Golden State Transit Corp. v. Los Angeles, 493 U.S. 103, 107-08, n.4 (1989) ("A claim based on a statutory violation is enforceable under § 1983 only when the statute creates 'rights, privileges, or immunities' in the particular plaintiff.").

A pro se complaint in a proceeding in forma pauperis must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in a complaint which set forth a

claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.3d 387 (4th Cir. 1990).

## III. DISCUSSION

Plaintiff contends that his rights as protected by the Eighth Amendment have been violated because of the conditions in his prison. The Eighth Amendment requires prison officials to "ensure that inmates receive adequate food, clothing, shelter, and medical care." Farmer v. Brennan, 511 U.S. 825, 832 (1994). To that end, the law is clear: "[T]he treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." Helling v. McKinney, 509 U.S. 25, 31 (1993). When considering prison conditions, an extreme deprivation, as prohibited by the Eighth Amendment, is one "so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk. In other words, the prisoner must show the risk of which he complains is not one that today's society chooses to tolerate." Helling, 509 U.S. at 36 (emphasis in original).

In his complaint, Plaintiff acknowledges the prison officials written response to his grievance regarding mold and dust: "They said that the pod is clean daily by the control janitors." (Doc. No. 1 at 6). Plaintiff only alleges one instance when he sought medical attention to address his contention that there is an unhealthy build-up of dust or mold in the pod. As Plaintiff notes in a document filed with the Court on March 11, 2013, the dust and mold now appears to be limited to some presence on vents in the recreation room

In the present case, it does not appear from the documents before the Court that Plaintiff has suffered any injury or sought treatment beyond the initial appointment with a nurse at Lanesboro, and Plaintiff does not allege that he has been refused additional medical treatment.

3

Second, there is no evidence that Plaintiff is forced to spend his time in the pod, or recreation area and thereby subject himself to what he asserts are conditions which may adversely affect his breathing or health. Finally, prison officials have responded to his grievance, and Plaintiff does not dispute this, and noted that he is provided cleaning materials such that it appears he could address some area he contends is affected by dust or mold.

In sum, the Court does not find that the presence of some dust or mold in the pod, or recreation room, is an extreme deprivation that present society would refuse to tolerate. For the foregoing reasons, the Court finds that Plaintiff's complaint fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983. See 28 U.S.C. § 1915A(b)(1).

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Plaintiff's Complaint is **DISMISSED** without prejudice. (Doc. No. 1).

The Clerk of Court is directed to close this case.

Signed: April 29, 2013

Robert J. Conrad, Jr.
Chief United States District Judge